

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
LaGrange, Texas

Dear Sir:

        Opinion No. O-5951
        Re: May the county of Fayette
         legally expend its funds
         for the purpose of pay-
         ing office rent, light
         bills, water bills, etc.,
         for the Farm Security
         Administration?

   Your letter of March 11, 1944 requesting the opinion
of this department on the above stated question reads as fol-
lows:

   "May the County legally expend its funds
for the purpose of paying office rents, light
bills, water bills, etc., for the Farm Security
Administration?"

   From a careful search of the statutes, we fail to find
one expressly authorizing the county to pay office rent, light
bills, water bills, etc., for the Farm Security Administration.

   The Courts of Texas have repeatedly held that the powers
of the Commissioners' Court are limited to those expressly grant-
ed to them by the Constitution and statutes and such powers as
are implied from those expressly granted. Since our search fails
to reveal the existence of a statute that gives express author-
ity to the Commissioners' Court to expend its funds in the man-
ner stated, we must see if such authority is implied by consider-
ing other statutes that do authorize the Commissioners' Court
to provide aid to certain Federal Government agencies operating
within this State.

   Section 17 of Article 2351, R. C. S., extends the
authority of the Commissioners' Court to include the making of
appropriations to aid and assist the United States Department of

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John C. Marburger - p. 2

Agriculture in the distribution of commodities to persons in need of assistance under the Food and/or Cotton Stamp plan. The plain language of the statute clearly sets out the additional powers granted to the Commissioners' Court and such additonal powers are limited to aid given to this particular branch of the United States Government. We fail to find any language implying that this authority could be extended to permit the rendering of aid to another branch of the government identified as the Farm Security Administration.

Article 2372e-2, R. C. S., relates to the authority of the Commissioners' Court to provide office space and to pay regular monthly utility bills, etc., for the purpose of aiding and cooperating with the agencies of the Federal Government engaged in the administration of relief to the unemployed or needy people of the State.

The Farm Security Administration, formally the Resettlement Administration, principally occupies itself with rehabilitation problems concerning farms and housing and though such office may render a valuable service to the community, we cannot construe its activities to include the "administration of relief to the unemployed or needy people of the State of Texas." From a study of the Acts of Congress and executive orders creating such Farm Security Administration and/or its predecessor, Resettlement Administration, we fail to find anything to imply that the duties of the said Farm Security Administration should be co-extensive with those of the various agencies created under the National Emergency Relief Act. The numerous agencies of the Federal Government have their duties and responsibilities expressly enumerated, each in a separate field of endeavor.

Therefore, in the absence of any statute either expressly or by implication authorizing the Commissioners' Court to expend county funds for the above mentioned purpose, it is our opinion that the county cannot legally pay office rents, light bills, water bills, etc., for the Farm Security Administration.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harris Toler
Harris Toler
Assistant

HT:bb

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN